**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**BARRINGTON RODERICK PATTEN,**

*Plaintiff,*

vs.

Case No: 0:24-cv-60676-DSL

**STEVIE TYRONE THOMPSON, et al.,**

*Defendant(s).*
_____/

FILED BY NA D.C

MAY 02 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## AMENDED PLAINTIFF MOVE THE COURT FOR THE MOTION TO RESTRICT ACCESS TO DOCUMENT

i, Barrington-roderick: Patten, on behalf of the Plaintiff, Barrington Roderick Patten, respectfully submit this Amended Motion to Seal or Restrict Access to Document pursuant to Federal Rule of Civil Procedure Rule 15 and Florida Rule of Civil Procedure 1.190. Plaintiff, Barrington Roderick Patten, respectfully moves this Honorable Court for a Motion to Seal or Restrict Access to Document pursuant to Federal Rule of Civil Procedure Rule 5.2 and Florida Rule of Civil Procedure 1.11, to certain documents filed in the above-captioned case and in response to the court's letter regarding the filing error.

### I. BACKGROUND

The documents in question contain which is the Initial Complaint, Affidavit of Facts, Memorandum of Law, Motion for Restraining Order, Motion for Protective Order, Motion to Freeze Defendants' Accounts and Assets in Pending Court Proceeding, Affidavit of Irreparable Harm, Summons, 1099's forms and all documents relevant as evidence to the case, was filed inadvertently without appropriate redaction or restriction of access. The filing was not intended

to cause harm or violate any privacy rights, but rather resulted from inadvertence or oversight. These documents carry sensitive and confidential information that should not be disclosed to the public due to privacy concerns, proprietary information, or other legitimate reasons. Disclosure of this information could result in harm to the parties involved and would not serve the interests of justice.

## II. LEGAL BASIS

The court has the authority to seal or restrict access to documents under Federal Rule of Civil Procedure and pursuant to relevant case law. Courts have recognized the importance of protecting sensitive information in litigation while also balancing the public's right to access court records.

**Case Law References**

- *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984): The Supreme Court recognized the inherent power of courts to control their own records and protect parties from the abuse of discovery.
- *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978): The Supreme Court held that the general presumption favoring public access to court records may be overcome by a showing of a compelling need for privacy or protection of sensitive information.

## III. REQUEST

The plaintiff respectfully requests that the following documents be sealed or have access restricted:

1. Any documents containing personally identifiable information, including but not limited to:

    A. Social Security numbers

    B. Bank account numbers

    C. Dates of birth

    D. Home addresses

2. Any documents containing proprietary or trade secret information, including but not limited to:

    A. Business strategies

    B. Financial information

    C. Customer lists

3. Any documents containing sensitive medical or health information, including but not limited to:

    A. Medical records

    B. Prescription information

    C. Health insurance information

## IV. GROUNDS FOR SEALING OR RESTRICTION

The requested documents contain sensitive and confidential information that, if disclosed, would violate privacy rights, proprietary interests, or confidentiality agreements. Sealing or restricting access to these documents is necessary to protect the integrity of the litigation process and prevent harm to the parties involved.

## V. CONCLUSION

Based on the foregoing, the plaintiff respectfully requests that this Honorable Court grant this Motion to Seal or Restrict Access to the specified documents. Sealing or restricting access to

these documents is necessary to rectify the filing error and to protect the interests of the parties and ensure the fair administration of justice in this case.

Dated: 5/2/2024

By: *Barrington-roderick Patten*
:Barrington-roderick: Patten,
Power of Attorney in Fact, Executor of:
Barrington Roderick Patten Estate
1118 NW 116th Avenue
Coral Springs, Florida 33071
contact@barrington-roderick-patten-trust.org
305-917-5300

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this amend Motion to Seal or Restrict Access to Document has been served on has been furnished via mail and/or Email in accordance with the corresponding address listed therein on this 2 of May, 2024, including all attachments upon the following parties.

By: *Barrington-roderick Patten*
:Barrington-roderick: Patten,
Power of Attorney in Fact, Executor of:
Barrington Roderick Patten Estate
1118 NW 116th Avenue
Coral Springs, Florida 33071
contact@barrington-roderick-patten-trust.org
305-917-5300

## SERVICE LIST

STEVIE TYRONE THOMPSON
142 Dogwood Drive,
Crawfordville, Florida 32327

HARRY JAMES ROBINSON II
3818 E. 68TH ST,
Kansas City, MO 64132.

LAMONT JAMES MITCHELL
6724 Brookfield Way,
Douglasville, GA 30134

MICHELLE ANN HARRIS
491 Gerard Ave 10D,
Bronx, NY 10451

KIMBERLY DESHAN WILSON,
1282 Smallwood Dr w B575,
Waldrof, MD 20603.

MARRIA LYNN BROWN
5701 Arlington Ave,
Raytown, MO 64133

RENEL JUNIOR BAZILE
18203 SW 28th ST,
Miramar, FL 33029

THOMAS MONARE HIAAS
6222 Raytown Trafficway,
Raytown, MO 64133.

RANDAL AVERY BLAND
7070 Daddys PL
Bryans RD, MD 20616.

RANDAL AVERY BLAND
16724 Huron St,
Accokeek, MD 2060