UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60676-LEIBOWITZ

BARRINGTON RODERICK PATTEN,

    *Plaintiff,*

v.

STEVIE TYRONE THOMPSON, et al.,

    *Defendants.*
_____/

## ORDER

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record. Plaintiff Barrington Roderick Patten ("Plaintiff") filed an Amended Complaint on May 2, 2024 [ECF No. 12]. Plaintiff is a *pro se* litigant who has not paid the required filing fee and has filed a Motion to Proceed *In Forma Pauperis* [ECF No. 3]. Having reviewed this motion, Plaintiff has shown his indigency and therefore this Motion is GRANTED. Because Plaintiff is proceeding *in forma pauperis*, this Court has the obligation to screen and dismiss a complaint when the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Having screened Plaintiff's Amended Complaint, this Court concludes it should be DISMISSED without prejudice.

## DISCUSSION

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "[T]he leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an

otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

"Shotgun pleadings violate Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief, by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (citations and quotation marks omitted). Shotgun pleadings "waste scarce judicial resources . . . and undermine the public's respect for the courts." *Id*. (citations and quotation marks omitted). This Court has the "inherent authority to control its docket . . . [and] dismiss a complaint on shotgun pleading grounds," but also the duty to "allow a litigant one chance to remedy such deficiencies." *Id*. at 1295.

"To state a claim for relief, a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. In addition, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Cruz v. Felix*, No. 23-CV-20539, 2023 WL 1965084, at *1 (S.D. Fla. Feb. 13, 2023) (citations and quotation marks omitted). Plaintiff's Amended Complaint fails to submit to the Court any facts sufficient to satisfy Federal Rule of Civil Procedure 8(a) beyond conclusory and convoluted allegations and has not stated the grounds for this Court's jurisdiction.

The only cause of action this Court can glean from the Amended Complaint which would

give it subject matter jurisdiction is Count XXIII, a claim that Defendants somehow violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") [ECF No. 12 at 20].  RICO provides a private right of action for individual litigants when they were "injured in [their] business or property by reason of a violation of section 1962[.]"  18 U.S.C. § 1964(c).  "The elements of a federal civil RICO claim are (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity[, as defined in § 1961.]"  *Dulcio v. U.S. Env't Prot. Agency*, No. 9:22-CV-81908, 2023 WL 3496474, at *13 (S.D. Fla. May 17, 2023).  "[A] plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts [and] allege that each defendant participated in the affairs of the enterprise through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'  To successfully allege a pattern of racketeering activity, a plaintiff must plead facts showing that the defendants committed two or more predicate acts that were related to each other and demonstrated criminal conduct of a continuing nature."  *Id*. (citations and quotation marks omitted).  The Plaintiff has alleged no facts in support of his RICO claims; rather, he merely states legal conclusions and indefinite statements of the alleged actions of the Defendants.  Therefore, Plaintiff fails to state a claim upon which relief can be granted in violation of Rule 8, and the Court has the obligation to dismiss the Amended Complaint.

Because Plaintiff has failed to state a claim on the only federal question he can plausibly plead, this Court does not discuss the other counts Plaintiff has brought in his Amended Complaint because this Court only has jurisdiction over state law claims that arise out of the same case or controversy as a properly-pleaded federal issue.  *See* 28 U.S.C. § 1367(a).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* [**ECF No. 3**] is **GRANTED.**

2. The Amended Complaint [ECF No. 12] is **DISMISSED WITHOUT PREJUDICE,** and Plaintiff can refile a complaint in accordance with this Order **no later than June 15, 2024, and failing to do so will cause this case to be dismissed without further notice.**

3. All pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in the Southern District of Florida, this 3rd day of May, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record